UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                           Plaintiff(s),<br><br>      v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.,<br><br>                           Defendant(s). | Case No. 2:19-CV-576 JCM (DJA)<br><br>ORDER |

Presently before the court the matter of *Deutsche Bank National Trust Company v. Fidelity National Title Insurance Company et al.*, case number 2:19-cv-00576-JCM-DJA. On November 18, 2019, the parties stipulated to stay the instant action pending the Ninth Circuit's decision in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. case no. 19-17332 (district court case no. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* appeal"). (ECF No. 25). In their stipulation, the parties represented as follows:

> the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the Wells Fargo II Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action[.]

*Id.* at 2.

The court granted the parties' stipulation on December 5, 2019. (ECF No. 27). Nonetheless, defendants' motion to stay case remains pending before the court. (ECF No. 24). The court denies the pending motion to stay case as moot. (ECF No. 24).

Further, defendant Chicago Title Insurance Company's motion to dismiss (ECF No. 12) and defendant Fidelity National Title Insurance Company's motion to dismiss (ECF No. 7) also remain pending. The court anticipates—as do the parties—that the Ninth Circuit's decision in the *Wells Fargo II* appeal will control the instant action and, at the very least, significantly impact the pending motions to dismiss. As a result, the court intended to deny those motions without prejudice when it granted the parties' stipulation to stay the case. (ECF No. 27).

However, the court used the parties' signature block to grant the stipulation, so it erroneously omitted its decision to deny those motions without prejudice. The court now corrects its prior order *nunc pro tunc* and denies the pending motions to dismiss without prejudice. The parties are instructed to refile their respective motions after the stay in this case has been lifted and, if appropriate, brief the impact the *Wells Fargo II* appeal has on the instant action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay case (ECF No. 24) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Chicago Title Insurance Company's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED without prejudice *nunc pro tunc*.

IT IS FURTHER ORDERED that Fidelity National Title Insurance Company's motion to dismiss (ECF No. 7) be, and the same hereby is, DENIED without prejudice *nunc pro tunc*.

DATED March 11, 2020.

                                              UNITED STATES DISTRICT JUDGE